## THE ROGDAY.

(District Court N. D. California, Second Division.    April 8, 1920.    Motion for Alias Monition October 22, 1920.)

### No. 16797.

1. **International law** ⊜10—**Naval vessel of foreign nation not subject to seizure in rem.**

   A public naval vessel of a foreign nation is not subject to seizure in rem in a court of the United States, when the character of the vessel is suggested by the accredited representatives of the foreign government.

2. **Constitutional law** ⊜68(1)—**Court is without jurisdiction to determine who is accredited representative of foreign government.**

   The certificate of the Secretary of State that a certain person is the accredited representative of the government of a foreign nation recognized by the United States government is conclusive on the courts.

In Admiralty.    Suit by Charles Christensen and others against the steam vessel Rogday.    On application to release vessel from seizure on attachment.    Granted.    Also on motion for alias monition against vessel.    Denied.

See, also, 278 Fed. 294.

H. W. Hutton, of San Francisco, Cal., for libelants.

Nathan H. Frank and Irving H. Frank, both of San Francisco, Cal., for respondent.

VAN FLEET, District Judge.    [1] This is an application to release from seizure and attachment in admiralty the above-named vessel, interposed by and on behalf of the Russian government, through its consular office at the port of San Francisco, by a suggestion, in proper form, setting forth that the attached vessel was at the time of seizure the property of the Russian government and engaged in its public service, and that such seizure and detention is an interference with and detrimental to that service.

The application is accompanied by the certificate of the Secretary of State, certifying to the existing recognition by the President and the State Department of Mr. Boris Bakhmeteff as the duly accredited diplomatic representative of Russia to the United States at Washington, and a certificate from the latter that Mr. George Romanovsky, the party presenting the suggestion, is entitled to recognition as the acting Russian consul at San Francisco and authorized to represent the Russian government in the matter pending before the court.    These facts bring the case fully within the principles of The Roseric (D. C.) 254 Fed. 154, and the cases therein cited; and under the principles there announced, and in the later case of The Adriatic, 258 Fed. 902, 169 C. C. A. 622, the court is not at liberty to ignore the request of the Russian Government for the release of the vessel.

[2] The question raised by the libelants as to whether the officers making the demand duly represent the present Russian government presents no proper subject of inquiry for the court, that being purely

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

a political question, concluded here by the certificate of the Secretary of State.

The attachment will accordingly be quashed, and the vessel released.

## On Motion for Alias Monition.

DOOLING, District Judge. The libelants move for the issuance of an alias monition to seize the steam vessel Rogday in satisfaction of their claim for wages. They are met by the suggestion of the Russian embassy that the Rogday is a Russian vessel in government service. In support of this is presented a certificate of the recognized Russian ambassador, of date August 12, 1920, that the Rogday is a Russian naval transport, and as such a public naval vessel of Russia. This certificate is conclusive, and the situation shows no material change since April, when a former attachment of the vessel was quashed by Judge Van Fleet.

The motion for an alias monition must be denied; and it is so ordered.